AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Western District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br><br>Janos Vaczi<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>) Case No. 1:19-mj-51<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 2019 to June 2019 _____ in the county of _____ Erie, Allegheny, Mercer _____ in the

_____ Western _____ District of _____ Pennsylvania _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 1029(a)(3) | knowingly and with intent to defraud possessed fifteen or more counterfeit access devices, as defined at 18 U.S.C. Section 1029(e)(2), said possession affecting interstate or foreign commerce |
| 18 U.S.C. Section 1028A(a)(1) | knowingly, during and in relation to a violation of 18 U.S.C. Section 1029(a) (3), possessed without lawful authority a means of identification of another person |
| 18 U.S.C. Section 1001(a)(2) | knowingly and willfully made materially false statements in a matter within the jurisdiction of the executive branch of the Government of the United States |

This criminal complaint is based on these facts:

Please see the attached affidavit fully incorporated herein by reference

☑ Continued on the attached sheet.

_____
*Complainant's signature*

FBI Special Agent Michael Thoreson
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: June 24, 2019@12:34pm

_____
*Judge's signature*

City and state: _____ Erie, Pennsylvania _____

United States Magistrate Judge Richard A. Lanzillo
_____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          )
                                  )
v.                                )          Magistrate No. *1:19-mj-51*
                                  )
JANOS VACZI                       )

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Michael Thoreson, being first duly sworn, hereby depose and state as follows:

1. I make this affidavit in support of a Criminal Complaint charging Janos Vaczi with:

(1) a violation of 18 U.S.C. § 1029(a)(3) for knowingly and with intent to defraud, possessing

fifteen or more counterfeit access devices, as defined at 18 U.S.C. § 1029(e)(2), said possession

affecting interstate or foreign commerce; (2) a violation of 18 U.S.C. § 1028A(a)(1) for

knowingly, during and in relation to a violation of 18 U.S.C. § 1029(a)(3), possessing without

lawful authority a means of identification of another person, and; (3) a violation of 18 U.S.C. §

1001(a)(1) for knowingly and willfully making materially false statements in a matter within the

jurisdiction of the executive branch of the Government of the United States.

2. I am a Special Agent with the FBI, and have been since February 2000. I am presently

assigned to the Erie resident agency of the FBI.

3. The facts in this affidavit come from my personal observations, my training and

experience, and information obtained from other agents and witnesses. This affidavit is intended

to show merely that there is sufficient probable cause for the requested Criminal Complaint and

does not set forth all of my knowledge about this matter.

4.   Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, §§ 1029 (Access Device Fraud), 1028A (Aggravated Identity Theft) and 1001 (False Statements) have been committed by Hungarian national Janos Vaczi.

5.   On May 31, 2019, at approximately 8:49 a.m., a Chevrolet Equinox, with Pennsylvania license plate KPV6128 was captured by Marquette Savings Bank (MSB) video surveillance at a drive through automated teller machine (ATM) lane at 16272 Conneaut Lake Road, Meadville, Pennsylvania 16335. During this transaction, a Caucasian male installed what appears to be a black ATM skimming device on the MSB ATM machine in what was later a successful effort to steal MSB customers' debit/credit information. A skimming device is an electronic device that once inserted into an ATM card slot can then capture the data from any cards put into the slot.  Data from each card placed into the skimming device unwittingly by the innocent user of the ATM machine can then be utilized to manufacture new cards with the same information as on the original customer card.  The card is thereby duplicated and the customer's bank account can be accessed as if it was the customer's own debit card.

6.   On June 1, 2019, at approximately 8:24 a.m., the same Chevrolet Equinox was captured on video surveillance again, this time without a license plate, at the same MSB drive-thru lane again installing what appears to be an ATM skimming device.  On June 8, 2019, at approximately 7:39 a.m., the same Chevrolet Equinox vehicle was captured on video surveillance, again without a license plate at the same MSB drive-thru lane again installing what appeared to be an ATM skimming device. Furthermore, during this transaction, the MSB ATM video camera captured a Caucasian male, wearing a tan baseball cap in a white vehicle (believed

to be the Equinox from a close-up view of the driver's door) holding a metal rod attempting to manipulate the ATM.

7. On June 19, 2019, MSB reported to the FBI that their bank was a victim with at least 264 different MSB bank accounts having funds withdrawn using fraudulent debit cards. The withdrawals were mostly done using ATMs near or around Erie, Pennsylvania and Meadville, Pennsylvania. The dates of transactions ran from at least June 15 through June 20, 2019. For the majority of withdrawals, the maximum amount allowed to be withdrawn was withdrawn. Typically, $500 was withdrawn each time. MSB reported losses of at least $50,000.

8. On June 19, 2019, a PNC ATM at 2100 Washington Pike, Carnegie, Pennsylvania, was utilized to perform an ATM inquiry for a MSB customer account. MSB reported the transaction was fraudulent and was not undertaken by the actual MSB customer, nor was the transaction engaged in using that customer's actual legitimate debit card.

9. On June 20, 2019, an FBI Erie employee determined that the 2019 Chevrolet Equinox bearing license plate KPV6128 was owned by Hertz Rental Corporation. Your Affiant contacted Hertz Rental Corporation Corporate Security in an effort to retrieve pertinent information regarding their 2019 Chevrolet Equinox vehicle, Plate KPV6128. During the same time frame of the ATM card skimming activity mentioned above, the Chevrolet Equinox was rented to Janos Vaczi of 4595 McKnight Road, Pittsburgh, Pennsylvania, 15104. Hertz Corporate Security advised that the vehicle was equipped with a tracker device typically used to prevent theft. The Corporate Security Manager confirmed the vehicle was equipped with an Onstar GPS tracking system and the vehicle can be located as long as the tracker has not been disabled. Hertz advised the vehicle was currently out and had not been returned by their customer. The vehicle was to be

returned on June 28, 2019. However, the rental customer can renew or turn the vehicle in at any time.

10. On June 21, 2019, United States Magistrate Judge Richard Lanzillo signed a search warrant for GPS location information from OnStar. On June 22, 2019, OnStar began giving data to the FBI regarding the GPS position of the 2019 Chevrolet Equinox. The first report of the location of the vehicle was at approximately 2:00 a.m., June 22, 2019, and the vehicle was located in Carnegie, Pennsylvania.

11. Beginning at approximately 11:00 a.m. on June 22, 2019, agents of the Pittsburgh FBI Office began physical surveillance of the vehicle. Over the course of the next 3 hours, agents observed the vehicle driving around the greater area of Pittsburgh and West Virginia.

12. At approximately 2:00 p.m. on June 22, 2019, the subject vehicle was parked at Shop'n Save in Oakdale, Pennsylvania, where agents observed a Caucasian male walking back to the vehicle. Agents observed him picking burrs off of the front of his shirt. Agents approached the male and asked him if he would be willing to answer some questions.

13. The male agreed to speak to the agents and provided them with an identification document which he identified as a Hungarian driver's license, indicating that the male's name is Janos Vaczi. Agents asked Vaczi if he spoke and understood English, and specifically, if he could understand your Affiant, and Vaczi said, "yes." At several times during the interview, agents asked and Vaczi confirmed that he could understand and speak English. Vaczi advised that he rented the Chevrolet Equinox one week ago, and he has not been outside the greater Pittsburgh area since renting it. Vaczi advised that he has not been involved in any illegal activity in the United States or his native Hungary.

21.  Wherefore, your affiant maintains that there is probable cause to believe that from in or around April 2019 to on or about June 22, 2019, Janos Vaczi did, in the Western District of Pennsylvania, (1) knowingly and with intent to defraud possess fifteen or more counterfeit access devices, (as defined at 18 U.S.C. § 1029(e)(2)), in violation of 18 U.S.C. 1029(a)(3); (2) possess without lawful authority a means of identification of another person, in violation of 18 U.S.C. § 1028A(a)(1); and (3) knowingly and willfully making materially false statements in a matter within the jurisdiction of the executive branch of the Government of the United States, in violation of 18 U.S.C. § 1001(a)(1) and that a warrant for his arrest should be issued.

The above information is true and correct to the best of my knowledge, information, and belief.

Special Agent Michael Thoreson
FBI

Sworn and subscribed to before me
this 24th day of June, 2019.

Richard A. Lanzillo
United States Magistrate Judge